HENDRY, Judge.
The condemnor, Central and Southern Florida Flood Control District, appeals a final judgment in a condemnation case entered for appellee pursuant to a jury award •of $11,000.
Appellant’s principal contention on appeal is that the trial court committed error in permitting the appellee to testify to a sale ■of a portion of property from the same tract of land from which the condemned land was taken.
Mr. and Mrs. Dinkines own -a tract of 9.7 .acres of land in Dade County. Appellant •condemned 1.9 (the subject matter of this suit) acres of this 9.7 acres for a canal, and approximately 8 months prior to this taking, appellees sold a .28 acre of this 9.7 acre tract to Sengra Development Corporation for $2,800.
Appellant claims it was error to permit testimony in regard to this sale because it was not a voluntary sale, in that, this purchase was made indirectly through an intermediary to a party with the power to condemn, and as part of a settlement of an action in condemnation.
Appellant refers us to many authorities including a court of this state,[1] for the proposition that sales to public authorities who could condemn the property in the event the sale was not consummated are not admissible for the purpose of proving the value of the land by sales of a like property.
We do not disagree with this proposition, and adhere to this rule of law. The above stated legal proposition presupposes the establishment of the factual condition precedent, that the sale was not freely and voluntarily made. The factual determination of whether the sale was freely and voluntarily made was properly reserved by the trial court to the province of the jury. The trial court correctly ruled that if the jury determined the fact to be that the sale was freely and voluntarily made on both sides then they (jury) could consider the sales price in determining the value of the land.
Appellant further contends, that inasmuch as, the jury was presented with two expert appraisers’ opinions that the land was not worth more than $7,700, a new trial should be granted because a jury award of $11,000 was not based on any evidence. This proposition is predicated on this court ruling that the appellee’s testimony in regard to the prior sale was inadmissible.
In view of our ruling that his testimony was admissible, this argument must fall because the jury had before it evidence in behalf of appellant that the land was worth $7,740-$7,700 and testimony by appel-lee that the land was worth more than $20,000.
*191 The jury verdict of $11,000 was well within the evidence propounded, and based on competent evidence, it is therefore affirmed.
Inasmuch as, we affirm the judgment below, appellant concedes that appellee is entitled to attorney’s fees for this appeal pursuant to § 74.10 Fla.Stat., F.S.A.
Affirmed.

. City of Tampa v. Texas Company, Fla.App.1958, 107 So.2d 216.