WIGGINTON, Chief Judge.
Defendants in an eminent domain proceeding have appealed the final judgment appropriating for municipal purposes land owned by them, and fixing the compensation to be paid in accordance with the award made by the jury in its verdict. They contend that the trial court erred when it admitted in evidence certain testimony relating to the value of the land, and in denying their motion for a new trial because of allegedly prejudicial statements made by counsel for the city in his summation to the jury.
The City of Ocala brought this suit to acquire a compact parcel of land to be utilized in constructing municipal buildings for administration, police station, jail, utilities, and off-street parking. The expert real estate appraiser testifying for the city expressed his opinion as to the fair market value of appellant’s property. As a basis for his evaluation this witness considered a number of sales of comparable property in the area, including several sales made to the City of Ocala, a local banking institution, and a named individual. On cross-examination of this witness it developed that the sales to the bank, and to the individual, consisted of property lying within the area intended to be acquired by the city. These purchases were made in pursuance of an agreement whereby the properties so purchased were subsequently traded to the city on a dollar for dollar exchange basis for other lands owned bv it.
*186 Appellant contends the general law to be as pronounced by the Second District Court of Appeal in City of Tampa v. The Texas Company[1] as follows:
“ * * * Current market sales of property, which is sufficiently similar to the property condemned, may be used if such sales are freely and voluntarily made. The sales sought to be used in this case were not voluntary sales in that they were sales to a public authority who would condemn the property purchased in the event the sales were not consummated.
“The reasoning which forbids the consideration of forced sales also renders it incompetent for either party to put in evidence the amount paid by the condemnor to the owners of neighborhood lands taken at the same time. 4 Nichols, Eminent Domain, Sec. 12.3113(2). Also see 1 Orgel, Valuation under Eminent Domain, § 147 (2d ed. 1953). We might also note that appellant states in its brief:
“ ‘The numerical weight of authority seems to be that sales under such circumstances are not admissible.’ ”
Appellee contends that there is no evidence in the record to indicate that the sales on which its witness relied in making his appraisal of appellant’s property were not freely and voluntarily made. This issue was submitted to the jury for its consideration under appropriate instructions of the court. Appellee urges that the law applicable to the facts in this case is as stated by the Third District Court of Appeal in Central & Southern Florida Flood Control District v. Dinkines [2] as follows:
“Appellant refers us to many authorities including a court of this state, for the proposition that sales to public authorities who could condemn the property in the event the sale was not consummated are not admissible for the purpose of proving the value of the land by sales of a like property.
“We do not disagree with this proposition, and adhere to this rule of law. The above stated legal proposition presupposes the establishment of the factual condition precedent, that the sale was not freely and voluntarily made. The factual determination of whether the sale was freely and voluntarily made was properly reserved by the trial court to the province of the jury. The trial court correctly ruled that if the jury determined the fact to be that the sale was freely and voluntarily made on both sides then they (jury) could consider the sales price in determining the value of the land.”
We are unable to reach and pass upon the merits of the contention advanced by the parties herein because no objection to the testimony of appellee’s expert witness was made during the trial. In fact the record reveals that appellants relied on testimony concerning these comparable sales given by this expert witness in order to support the valuation they placed upon their own property in suit. In the absence of a timely objection appellants will not be heard to complain for the first time on appeal that the testimony of appellee’s expert witness was incompetent and should have been rejected by the trial court.
Appellants also assign as error the denial of their motion for a mistrial because of prejudicial statements made by counsel for appellee during his summation to the jury. At the time of their objection appellants merely requested that the jury be admonished to disregard the objectionable argument. Their objection was sustained and the jury was properly instructed to ignore the remarks to which the objection was directed. It was not until after the jury was fully instructed on the law of the case and had retired to consider its verdict that appel *187 lants made their motion for a mistrial. It is our view that the prejudicial effect of the improper argument made by appellee’s counsel was eliminated by the court’s admonition and forms no proper ground for reversal. The judgment appealed is accordingly affirmed.
JOHNSON and SPECTOR, JJ., concur.

. City of Tampa v. The Texas Company, (Fla.App.1958) 107 So.2d 216, 227.

. Central & Southern Florida Flood Control District v. Dinkines, (Fla.App.1964) 165 So.2d 189, 190.